**CHUNMIAO WANG, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–75847.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 1, 2007.\*\*

Filed Nov. 7, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Espinosa, Esq., La Puente, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Saul E. Greenstein, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Angela M. Miller, U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, D.W. NELSON, and RYMER, Circuit Judges.

### MEMORANDUM ***

Chunmiao Wang ("Wang"), a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") decision denying her application for asylum and withholding of removal. We grant Wang's petition in part and remand in part.

Wang applied for asylum in February 2003. Her claim is based on two separate grounds. First, Wang explained she had been the victim of a forced abortion while a student in China. Second, Wang feared religious persecution upon returning to China because of events in March and October 2002 in which her family and their friends had been investigated and detained by the Chinese government for practicing Christianity. Wang was also wanted by Chinese authorities for sending Christian materials to her family and their congregation in China.

The Immigration Judge ("IJ") concluded that Wang's asylum application was not timely because she did not submit the application within a reasonable period after learning of her likely religious persecution. The BIA affirmed, providing its own opinion. A timely petition for review was filed.

On October 1, 2007, the panel resubmitted the case in light of this Court's deci-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion in *Ramadan v. Gonzales,* 479 F.3d 646 (9th Cir.2007). *Ramadan* held that Section 106 of the Real ID Act of 2005 grants jurisdiction to review mixed questions of law and fact. *Id.* at 650. Whether Wang filed her application in a reasonable amount of time after events affecting her eligibility is a mixed question of law and fact. This determination involves applying a legal standard (a "reasonable period") to undisputed facts. Therefore, as the government concedes in its supplemental briefing, we have jurisdiction to review the BIA's determination that Wang's asylum application was untimely.

## A. Timeliness of Asylum Application

█ The BIA erred in finding Wang's asylum application was untimely. Newly-arrived aliens who seek asylum are given one year to file an application. 8 U.S.C. § 1158(a)(2)(B). If an alien fails to comply with the one-year requirement, however, she may still be able to apply if she shows "either the existence of changed circumstances which materially affect [her] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). If an alien demonstrates the existence of changed or extraordinary circumstances, she must file an asylum application "within a reasonable period" after the circumstances present themselves. 8 C.F.R. § 1208.4(a)(4)(ii) and (5).

The BIA erred in holding that Wang did not file within a reasonable period. Wang did not apply for asylum until six years after she arrived in the United States, but she argues that the delay was due to changing circumstances and her lack of knowledge regarding the asylum process. The BIA accepted as true Wang's testimony regarding the persecution of her family and others associated with her family's Christian church in China. Wang testified

"she did not have an adequate understanding until October 2002—when her parents' house was searched and a fellow Christian church member was sentenced to two years in prison—that she faced serious consequences and potential future persecution for sending Christian reading materials to her family in China." The BIA also noted that Wang learned in March 2002 her parents and other members of their church had been arrested, that her father had been detained and interrogated for four days, and that the Chinese authorities had demanded that Wang return to China. On this evidence, the BIA concluded, "even if the arrest and detention of [Wang's] father in March 2002 constituted changed or extraordinary circumstances, [she] failed to file her application within a reasonable period."

For two reasons, this is an erroneous application of the "reasonable period" standard. First, given the incredibly complex nature of the immigration laws, Wang's proven lack of knowledge regarding asylum as a form of relief, and the fact that she filed less than a year after learning of changed circumstances, the time between the March 2002 events and her February 2003 application was not unreasonably long. Indeed, 8 U.S.C. § 1158(a)(2)(B) provides a newly-arrived alien who is seeking asylum a full year to file an application. Providing the same quantum of time to someone who, due to changed or extraordinary circumstances, has just learned that she might be eligible for asylum, is both reasonable and consistent with the statute's goal of providing a sufficient amount of time to file an application for asylum.

Second, and more importantly, the BIA conspicuously omitted any reference whatsoever to the October 2002 events when discussing whether Wang satisfied the "reasonable period" requirement. Wang

testified that in October 2002, her family and their friends were investigated and detained by the Chinese government for practicing Christianity. These events were as significant as (if not more significant than) the March 2002 events in that they exposed Wang to the real possibility that she could be imprisoned if she returned to China. The BIA acknowledged these events occurred, but failed to explain why it was unreasonable to wait four months before filing an asylum application. The BIA wrongly dismissed Wang's asylum application on timeliness grounds.

## B. Eligibility for Asylum

■ The BIA erred in determining that Wang was ineligible for asylum. Wang demonstrated actual past persecution. The Immigration and Nationality Act ("INA") provides:

[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion.

8 U.S.C. § 1101(a)(42). Therefore, a victim of forced abortion is automatically eligible for asylum. *Ding v. Ashcroft*, 387 F.3d 1131, 1136–37 (9th Cir.2004).

The BIA did not render an explicit adverse credibility finding. It is well settled in this circuit that "we must accept an applicant's testimony as true in absence of an *explicit* adverse credibility finding." *Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000) (emphasis added). "Supporting documentation is required only when the applicant's testimony alone is insufficient to support the claim." *Singh v. Gonzales*, 439 F.3d 1100, 1109 (9th Cir.2006). While the BIA stated it had doubts about the veracity of Wang's testimony, it suggested that a "sweeping adverse credibility finding" was not warranted. None of Wang's testimony was contradictory, nor did she leave any doubt—neither in her oral or written account—that she underwent an abortion against her will. Accordingly, Wang is eligible for asylum based on her testimony regarding her forced abortion, as she has demonstrated a well-founded fear of future persecution.

## C. Eligibility for Withholding of Removal.

■ The BIA erred in finding Wang ineligible for withholding of removal. In *Tang v. Gonzales*, we held that a victim of a forced abortion is entitled, as a matter of law, to withholding of removal: "[L]ike those who have undergone forced sterilization, victims of forced abortion are 'entitled by virtue of that fact alone' to withholding of removal." 489 F.3d 987, 992 (9th Cir. 2007) (quoting *Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir.2005)). Therefore, Wang is eligible for withholding of removal on the basis of her forced abortion claim.

## *CONCLUSION*

For the foregoing reasons, we grant Wang's petition for review. We hold that Wang has established asylum eligibility. We remand for the Attorney General to exercise discretion in deciding whether to grant asylum. We further hold that Wang, as a woman who was the victim of a forced abortion, is entitled to withholding of removal as a matter of law.

**GRANTED** in part; **REMANDED** in part.

RYMER, Circuit Judge, concurring.

I join the disposition because of existing precedent, though I would not otherwise believe that we have jurisdiction to review

the BIA's determination with respect to the one-year bar, or that we should not accept the BIA's determination with respect to inconsistencies in the evidence.