11-1704-ag
Bokhari v. Holder

BIA
Elstein, IJ
A095 956 968

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    JOSÉ A. CABRANES,
>    BARRINGTON D. PARKER,
>         Circuit Judges.

_____

SAMEER BOKHARI,
>    *Petitioner*,

>    v.                                    11-1704-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:      Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Paul Fiorino, Senior Litigation
                     Counsel; Franklin M. Johnson, Jr.,
                     Trial Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Sameer Bokhari, a native and citizen of Pakistan, seeks review of a March 31, 2011, order of the BIA affirming the March 5, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sameer Bokhari*, No. A095 956 968 (B.I.A. Mar. 31, 2011), *aff'g* No. A095 956 968 (Immig. Ct. N.Y. City Mar. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. See 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Bokhari argues that the agency erred in pretermitting his asylum application as untimely. Our review of the agency's pretermission of an asylum application is limited to questions of law and constitutional claims. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Bokhari asserts that under the Ninth Circuit's non-precedential decision in *Chunmiao Wang v. Keisler*, 254 F. App'x 572, 574-75 (9th Cir. 2007), his lack of knowledge about the availability of asylum was an extraordinary circumstance excusing his failure to file timely. However, this argument is unavailing. *Chunmiao Wang* did not rule on ignorance alone but, instead on a combination of ignorance plus changed circumstances. *See Chunmiao Wang*, 254 F. App'x at 574-75. In any event, we see no basis for permitting ignorance of asylum filing requirements to justify a late filing. We dismiss for lack of jurisdiction Bokhari's other challenges to the pretermission ruling as they essentially dispute the correctness of the agency's factual findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006).

Bokhari also argues that he established his eligibility for withholding of removal and CAT relief. However, he does not meaningfully challenge the agency's findings that he did not establish past persecution or that it was more likely than

not that he would be tortured if he is returned to Pakistan. Accordingly, he has waived those issues. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

To demonstrate his eligibility for withholding of removal, absent past persecution, Bokhari was required to establish that it is more likely than not that his "life or freedom would be threatened" in Pakistan because of a protected ground. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (quoting 8 U.S.C. § 1231(b)(3)(A)). An applicant for withholding of removal cannot meet his burden if he "could avoid a future threat to his . . . life or freedom by relocating to another part of the proposed country of removal." 8 C.F.R. § 1208.16(b)(2).

The agency denied withholding of removal, finding that Bokhari failed to meet his burden of proof because he did not provide reasonably available corroborating evidence from his wife. Because Bokhari's wife lives in the United States, we detect no error in the agency's request that she provide corroborating evidence. *See Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009) (noting that "an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an

-4-

otherwise credible applicant unless such evidence cannot be reasonably obtained."); *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252-54 (2d Cir. 2011) (per curiam). Bokhari does not challenge this dispositive finding. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Additionally, substantial evidence supports the agency's conclusion that Bokhari's testimony and country conditions evidence failed to demonstrate that he could not safely relocate within Pakistan. Bokhari's testimony concerned threats against him from family members, neighbors, his boss, and government officials connected with his boss, on account of his false conversion from Islam to Christianity and his marriage to a Christian. The agency reasonably concluded that Bokhari could avoid future harm from those individuals by relocating within Pakistan-to an area where people did not know about his past-as he did not present evidence that the government officials (or others) were still interested in him over twelve years after he left Pakistan.

Moreover, while Bokhari argued that he will be persecuted on account of his inter-faith marriage and presented the agency with evidence about anti-Christian violence in Pakistan, we defer to the agency's conclusion that that

evidence did not establish that the persecution of Christians is so widespread that it is more likely than not that Bokhari would face persecution throughout Pakistan. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Finally, the BIA did not err in rejecting Bokhari's argument that he received ineffective assistance from his trial attorneys. Bokhari failed to demonstrate that the result of his proceeding would have been different had his counsel been effective. *See Vartelas v. Holder*, 620 F.3d 108, 113-15 (2d Cir. 2010) (noting that the BIA has not articulated a single consistent standard for determining whether an alien has been prejudiced by an attorney's conduct, but generally an alien must demonstrate what actions a competent attorney should have taken which would have warranted a different result). While Bokhari argues that a competent attorney would have avoided the agency's corroboration finding by ensuring that his wife testified, Bokhari did not present the BIA with direct evidence of what his wife's testimony would have established. Accordingly, we detect no error in the BIA's conclusion that Bokhari did not establish that he was prejudiced by his former counsel.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk