Cao v. Holder

BIA
Burr, IJ
A095 800 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
SUSAN L. CARNEY,
     *Circuit Judges.*

_____

JIN WU CAO, AKA JINWU CAO,
     *Petitioner,*

          v.                                    12-3213
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:        Briana F. Isiminger, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Imran R. Zaidi, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jin Wu Cao, a native and citizen of the People's Republic of China, seeks review of a July 31, 2012 decision of the BIA affirming the February 10, 2011 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Wu Cao*, No. A095 800 496 (B.I.A. Jul. 31, 2012), *aff'g* No. A095 800 496 (Immig. Ct. N.Y. City Feb. 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act, which applies to this case, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if . . . the applicant's testimony is credible, is persuasive, and refers to specific facts. . . . In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). In addition, the agency may require corroboration despite otherwise credible testimony. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009); *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252-54 (2d Cir. 2011) (per curiam).

To establish eligibility for asylum, an applicant like Cao, who did not suffer past persecution, must demonstrate a well-founded fear of future persecution. He must show that he subjectively fears persecution and that this fear is objectively reasonable. *See* 8 U.S.C. § 1101(a)(42); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). An asylum applicant can demonstrate that a fear of future persecution is objectively reasonable either: (1) by offering evidence that "he or she would be singled out

3

individually for persecution"; or (2) by proving the existence of a "pattern or practice" in his or her country of nationality of "persecution of a group of persons similarly situated to the applicant."  8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2).

Here, Cao, though credible, failed to establish an objectively reasonable basis for fearing future persecution on account of his religious practice in an unregistered church.  *Kyaw Zwar Tun*, 445 F.3d at 564.  Cao's credible testimony and evidence failed to establish that he would be individually singled out for persecution.  8 C.F.R. §§ 1208.12(b)(2), 1208.16(b)(2).  Cao alleged that he continued to practice his Christian faith in the United States, and as evidence of this he offered a letter from his church and a statement from his aunt.  Because the evidence confirmed only three months of church attendance and did not confirm his baptism, however, the agency reasonably concluded that this evidence was insufficient to demonstrate an individualized fear of future persecution.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that determining what weight to afford to an applicant's evidence in immigration proceedings "lies

4

largely within the discretion" of the agency (internal quotation marks omitted)).

In addition, Cao failed to establish that there is a pattern or practice of persecution of similarly situated persons in China. 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *Kyaw Zwar Tun*, 445 F.3d at 564. Although the State Department reports submitted as evidence of country conditions advised that Chinese authorities had arrested and detained members of underground churches, the reports also noted that the treatment of unregistered churches varied widely from region to region. In light of these reports of disparate treatment, the agency did not err by requiring Cao to demonstrate that Chinese authorities in his native Fujian Province would persecute him based on his religious practice. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008). Thus, the agency did consider Cao's pattern or practice argument and the evidence he adduced regarding country conditions, but reasonably concluded that the evidence did not demonstrate a pattern or practice of persecution of house church members in Fujian Province. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it

lacks "solid support" in the record and is merely "speculative at best").

Because Cao was unable to establish the objective likelihood of harm needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 120-21 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk