10-2434-ag
Chen v. Holder


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: August 24, 2011                                    Decided: September 23, 2011)

Docket No. 10-2434-ag

YAN JUAN CHEN,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent.*


Before: WINTER, MCLAUGHLIN, and CABRANES, *Circuit Judges*.

Petitioner Yan Juan Chen seeks review of an order of the Board of Immigration Appeals affirming the decision of an Immigration Judge denying her application for asylum, withholding of removal, and relief under the Convention Against Torture on the basis that her testimony regarding an alleged forced abortion was insufficient to carry her burden of proof and she failed to produce reasonably available corroborative testimony from her husband, an undocumented immigrant. Although we do not foreclose the possibility that an undocumented immigrant's refusal to testify on behalf of an asylum applicant for fear of being apprehended may, under certain circumstances, render his testimony unavailable, that was not the case here, where Chen conceded that her husband could only benefit from her being granted asylum or withholding of removal. We therefore find no error in the IJ's rejection of her explanation for her husband's absence and deny her petition for her review.

> THOMAS V. MASSUCCI, New York, NY, *for Petitioner.*
>
> THEA NICKERSON (Tony West, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, and Dana M. Camilleri, Staff Attorney, *on the brief*), Office of Immigration Litigation, Department of Justice, Washington D.C., *for Respondent.*

1

PER CURIAM:

Petitioner Yan Juan Chen ("Chen"), a native and citizen of the People's Republic of China, seeks review of a May 20, 2010, order of the Board of Immigration Appeals ("BIA") affirming the September 26, 2007, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Juan Chen*, No. A094 798 134 (B.I.A. May 20, 2010), *aff'g* No. A094 798 134 (Immig. Ct. N.Y. City Sept. 26, 2007).

The principal issue before us is whether substantial evidence supports the IJ's determination that Chen failed to carry her burden of proof. Underlying that is the issue of whether the IJ reasonably concluded that Chen failed to provide reasonably available corroborating evidence to support her claim. Having reviewed the record and the arguments on appeal, we conclude that substantial evidence supports the IJ's determinations, and we therefore deny Chen's petition for review.

## BACKGROUND

*Chen's Claims*

In her application for asylum, withholding of removal, and relief under the CAT, Chen alleged that she was persecuted for violating China's family-planning policy. Because her husband belongs to an urban household, she asserted, the couple were permitted to have only one child, regardless of its gender. Chen claimed that in November 2004, a month after the birth of her first child, a daughter, she was ordered to wear an intrauterine device ("IUD"). When she refused, "family planning officials" went to her home and took her to have an IUD forcibly inserted. Chen alleged that she later went to a private doctor to have the IUD removed because she wanted more children and, shortly thereafter, she became pregnant. She also asserted that in June 2005, after she had missed her regular family-planning checkup, "family planning cadres" came to her home and forced her to go to a local hospital where, once her pregnancy was confirmed, she was forced to undergo an abortion. Following the abortion, Chen alleged, she had another IUD forcibly inserted and, in May 2006, she returned to the same private

2

doctor she had seen previously to have her IUD removed. She then went into hiding, fearing that the family-planning officials would find her again. On June 1, 2006, Chen alleged, she and her husband fled from China to the United States, leaving their daughter behind with Chen's mother.

*Prior Proceedings*

Chen entered the United States on or about June 14, 2006 and was immediately apprehended. Her husband, who arrived in the United States separately, was not apprehended. Appearing before an IJ on October 25, 2006, Chen conceded removability and requested relief in the form of asylum, withholding of removal, and protection under the CAT. She based her claims on her past encounters with Chinese family-planning officials and her belief that she would be sterilized if she were made to return. Chen appeared at a hearing on January 23, 2007, at which time she was approximately six months pregnant with her second child. For this reason, the IJ continued the hearing to September 26, 2007, after the child's birth. Also at this hearing, the IJ cautioned Chen, through her attorney, that he "expect[ed]" her to produce her husband to provide corroborating testimony:

> Q: And as far as testimony is concerned, I expect that the husband should be, going to be here testifying. Correct?
>
> A: I would assume so, Your Honor. Yes.
>
> Q: I don't assume it, I expect it, number one, counsel.

Administrative Record ("A.R.") 91. Chen later filed a Proffer of Witness form notifying the immigration court that her husband would testify on her behalf at the continued hearing "about the persecution he and his wife suffered in China due to China's coercive population control practices." *Id.* at 230.

However, Chen failed to produce her husband at the September 26 hearing. The IJ warned Chen that her husband's absence was "extremely detrimental to her case." *Id.* at 97. He continued, "I explained that the last time and it's clear that he's one that knows exactly what happened to her in

3

China. He's got the best information for her. He can only support her case in this particular regard." *Id.* Chen's attorney explained that Chen's husband chose not to appear out of fear that he would be apprehended as an undocumented alien. The IJ rejected that explanation, stating that "it doesn't happen. Unless somebody is wanted for a crime somewhere . . . , it does not happen here." *Id.* He then allowed Chen a final opportunity to consider whether to go forward without her husband's testimony. After consulting with her attorney, who informed her of the consequences of proceeding without her husband's testimony, Chen decided to continue with the hearing.

Chen was the sole witness to testify at her hearing. The IJ found that her testimony was insufficiently detailed and unpersuasive. Specifically, he noted that

> the testimony is not detailed . . . . It is kind of cursory to say the least, including she's just reread to us or told us the same thing that was contained in her affidavit. Nothing further and nothing specific. The Court's had the opportunity to observe the demeanor of [Chen] and had an opportunity to assess the credibility of her testimony. I find that her testimony is unreliable.[1]

*Id.* at 68. The IJ noted certain inconsistencies in Chen's testimony, particularly with regard to the provenance of the documentary evidence she provided, and stated that "[m]ost of this probably

---

[1] From this statement and others, it appears that the IJ made an adverse credibility determination under 8 U.S.C. § 1158(b)(1)(B)(iii). *See also* A.R. 65 ("[I]t's clear that we have a problem as far as the testimony of the respondent."); *id.* at 67 ("I don't believe that she had in fact undergone a forced abortion."); *id.* at 69 ("The Court does not believe the testimony of the respondent."). However, the issue of whether this determination is supported by substantial evidence is not before us. The BIA affirmed the IJ's decision without passing on the adverse credibility determination. *See id.* at 30-31. After we granted an unopposed government motion to remand the case to the BIA for an express ruling affirming or rejecting the IJ's adverse credibility determination, *see* Order, *Chen v. Holder*, 08-5987-ag (2d Cir. Oct. 21, 2009), the BIA determined that the IJ *had not*, in fact, rendered an adverse credibility determination, but rather, had only found Chen's testimony to be "weak" and therefore in need of reasonably available corroborating evidence to meet her burden of proof. AR 3-4. The BIA affirmed the IJ's ruling, finding that, even "presuming that [Chen's] testimony is credible, we find that the respondent was required, but failed, to provide reasonably expected, reliable corroboration, as discussed below." *Id.* at 4. Therefore, we assume Chen's testimony to have been credible, and address only the IJ's ultimate determination that Chen failed to meet her burden of proof.

4

could have been straightened out . . . by the husband's testimony, but clearly we do not have [that testimony.] . . . The husband is here in the United States and has not testified before this Court." *Id.* at 75-76.

With respect to the documentary evidence Chen provided—including a so-called "First Child Certificate," an "Only Child Certificate" (also referred to as an "Honor Certificate"), and her Certificate of Abortion—the IJ concluded that the evidence was equally suggestive of an elective abortion as of a coerced abortion and "consistent with an individual who is trying to maintain this honor position [sic] of having only one child." *Id.* at 66-67. None of the documents actually stated or compelled the inference that Chen's abortion was coerced.

The IJ concluded that Chen's testimony on its own was insufficient to sustain her burden of proof and that the documentary evidence she provided was "insufficient to make up for the testimony deficiency." *Id.* at 69. Therefore, without corroborating testimony from her husband, the IJ ruled that Chen had failed to satisfy her burden of proving her eligibility for asylum, withholding of removal, or relief under the CAT. On appeal, the BIA held that the IJ had correctly determined that Chen "did not meet her burden of proof as to her requested forms of relief because her testimony was weak and she did not provide reasonably available corroborative evidence." *Id.* at 30. Because the BIA did not pass on the IJ's credibility determination, the government moved in this Court for a remand to the BIA for an express ruling on that question. *See* note 1, *ante.* On remand, the BIA held that the IJ had not made an adverse credibility determination, and proceeded to affirm the IJ's judgment again, on the basis that Chen had failed to meet her burden of proof.

On appeal, Chen contests the BIA's conclusion that her testimony was weak and in need of additional corroboration and argues that, in any event, she provided sufficient corroborating evidence even absent her husband's testimony. The government contends that, given Chen's vague and undetailed testimony, the IJ properly demanded corroborating evidence, which Chen failed to

5

provide. At oral argument before us, the government stressed that Chen's husband was available to testify and was not made unavailable merely because he subjectively feared being apprehended. In support of its argument, counsel for the government noted that, under the derivative asylum provision, 8 U.S.C. § 1158(b)(3)(A), Chen's husband would have been eligible to apply for adjustment of status if Chen had been granted asylum, and therefore he had every incentive to testify on her behalf. Chen's counsel conceded that her husband would have qualified for derivative asylum, but argued that she should not be held responsible for her husband's decision not to testify.

**DISCUSSION**

Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, we review the decision of the IJ as supplemented by the BIA. *James v. Mukasey*, 522 F.3d 250, 253 (2d Cir. 2008).[2] Consequently, when we refer to the "IJ's decision" or the "IJ's reasoning," we refer to the decision of the IJ as modified and affirmed by the BIA.

An applicant for asylum or withholding of removal bears the burden of proving that she is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A) and is therefore eligible for asylum. 8 U.S.C § 1158(b)(1)(B)(i). We review the BIA's determination whether an alien has established eligibility for asylum under the substantial-evidence standard. *Alibasic v. Mukasey*, 547 F.3d 78, 84-85 (2d Cir. 2008). Under this standard, a "determination that [a petitioner] was not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks omitted); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334 n. 13 (2d Cir. 2006) (explaining origins and

_____

[2] Chen has suggested that we should review the BIA's decision alone, arguing that the BIA in fact issued its own independent decision that does not rely on the IJ's decision. *See* Pet'r's Br. at 6 (citing *Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007)). We believe, however, that the BIA's decision is more correctly characterized as one adopting but modifying the decision of the IJ, rather than an independent decision that does not rely on the IJ's decision. It bears noting, however, that our decision in this case would be the same under either standard.

6

continued application of substantial-evidence standard).

The REAL ID Act of 2005 ("REAL ID Act"), Pub. L. No. 109-13, 119 Stat. 231, 302, which was in effect when Chen filed her application, requires reviewing courts to apply an even more deferential standard of review with respect to an IJ's factual determinations. Thus, an IJ's findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and his determination that an applicant has failed to meet her burden of proof is likewise "conclusive unless manifestly contrary to the law," *id.* § 1252(b)(4)(C). In addition, the REAL ID Act set forth standards of credibility and corroboration relevant to the determination of whether an applicant carries her burden of proof:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

*Id.* § 1158(b)(1)(B)(ii). Finally, Congress has instructed that "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is *compelled* to conclude that such corroborating evidence is unavailable." *Id.* § 1252(b)(4) (emphasis added).

Here, according to the BIA, the IJ concluded that Chen's testimony was credible but insufficient on its own to sustain her burden of proof. Substantial evidence supports this finding. The record reveals that Chen's testimony was vague and lacking in details that one would expect from the victim of a coerced abortion. In particular, as the IJ noted, Chen did not provide specific facts regarding her treatment by family-planning officials, including how they forcibly took her from

7

her home, forcibly inserted an IUD, and forced her to undergo an abortion. In addition, Chen was unable to explain certain discrepancies in her documentary evidence.[3] Finally, the IJ found that her demeanor while testifying regarding her alleged forced abortion was "nonchalant[]," and that it appeared that she was simply restating, without additional detail, the facts set out in her affidavit. A.R. 67.

Given the evidence in the record, we do not believe that a reasonable adjudicator would be compelled to find that Chen's testimony was sufficiently "credible," "persuasive," and "specific," 8 U.S.C. §1158(b)(1)(B)(ii), to sustain her burden of proof without corroboration. *Id.* § 1252(b)(4)(B).

In light of his finding that Chen's testimony was unpersuasive and lacking in detail, the IJ properly concluded that Chen was required to present reasonably available corroborating evidence to support her application. *See id.* § 1158(b)(1)(B)(ii); *Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (stating that, although "credible testimony alone may be enough to carry the alien's burden of proof," an IJ may "require that credible testimony of the alien be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing") (internal quotation marks and alteration omitted). He specifically identified the type of corroborating evidence that Chen should have presented—namely the testimony of her husband. A.R. 65-66. Importantly, the IJ identified the necessary corroborating evidence nine months in advance of Chen's hearing, allowing her an opportunity to secure her husband's testimony or explain why it was not available. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006) (suggesting that

---

[3] For example, she initially testified that the "First Child Certificate" that she submitted was a document certifying that she had never before been married or had children and that she needed this certificate in order to secure a permission to have her first child. However, she was unable to explain why, if this was so, her daughter's date of birth and gender were included on the certificate. Though Chen testified initially that she did nothing with the certificate after it was obtained, she eventually stated that the information regarding her daughter's birth must have been added by her doctor after her daughter's birth. Meanwhile, her interpreter told the IJ that the document was a birth certificate.

our precedent requires that "before denying an asylum petition because of insufficient corroboration, an IJ [must give] adequate and meaningful notice to the applicant of evidence that the IJ believed was significant and missing").[4] The question, therefore, is whether Chen's husband's testimony was reasonably available, in light of her explanation that he refused to testify out of fear that he would be arrested.

We have not had occasion to decide whether an undocumented alien's fear (unfounded or not) of being arrested if he appears at an immigration hearing renders him unavailable to testify on behalf of an asylum applicant. However, as Chen has pointed out, we have observed in *dicta* that an applicant "might not be expected to" provide corroborating testimony if the only witnesses capable of providing such testimony are "people present in the United States illegally" who "may understandably desire to keep a low profile." *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568-69 (2d Cir. 2006). We do not now foreclose this possibility. However, the hypothetical scenario envisaged in this *dictum* from *Kyaw Zwar Tun* is far from the situation presented in this case. Unlike the hypothetical presented in the *dictum* in *Kyaw Zwar Tun*, Chen's husband's "desire to keep a low profile" is not "understandab[le]," inasmuch as Chen conceded at oral argument that her husband had every incentive to testify on her behalf because, to the extent his testimony supported her application, it would inure to his benefit. Under the derivative asylum provision, "[a] spouse . . . of an alien who is granted asylum . . . may, if not otherwise eligible for asylum . . . , be granted the same status as the alien if accompanying, or following to join, such alien." 8 U.S.C. § 1158(b)(3)(A). Similarly, because Chen and her husband had a common interest in her presenting the strongest possible case, it is not unfair to hold her responsible for her husband's decision not to testify, as

---

[4] Chen does not contend that the notice given by the IJ with respect to the need for her husband's testimony was inadequate, but argues only that her husband's testimony was not reasonably available. *See* Pet'r's Br. 24.

perhaps it would be in the case of an applicant whose corroborating witness was unrelated to her and had no incentive to appear on her behalf that would counterbalance his fear of being apprehended. Under these circumstances, we do not believe that a reasonable trier of fact would be "compelled to conclude" that Chen's husband's testimony was unavailable. *See id.* § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Accordingly, it was entirely reasonable for the IJ to reject Chen's explanation of his absence.

Substantial evidence supports the IJ's determination that Chen could reasonably provide corroborating evidence, as well as his finding that Chen's explanation for the lack of corroborating evidence was insufficient. Because the IJ reasonably found that Chen did not provide sufficiently persuasive or detailed testimony and because Chen failed to submit reasonably available corroborating evidence, it was not "manifestly contrary to law" for the IJ to determine that she failed to meet her burden of establishing past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1252(b)(4)(C); *see Liu*, 575 F.3d at 198 n. 5 (holding that "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof"). Furthermore, because "an applicant who fails to establish [her] eligibility for asylum necessarily fails to establish eligibility for withholding" of removal, *Zhang v. INS,* 386 F.3d 66, 71 (2d Cir. 2004), the IJ correctly determined that Chen is not eligible for withholding of removal.[5] Therefore, because we hold that the IJ's determinations were supported by substantial evidence, we deny Chen's petition for review.

## CONCLUSION

---

[5] Chen does not challenge the BIA's denial of relief under the CAT.

10

To summarize:

(1) The IJ's determination that Chen's testimony was insufficient by itself to meet her burden of proof is supported by substantial evidence.

(2) The IJ's determination that Chen's husband was available to provide corroborating testimony was reasonable.

(3) The IJ's consequent conclusion that Chen had failed to meet her burden of proof, despite providing arguably credible testimony, was reasonable.

Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.