Chen v. Holder

BIA
Van Wyke, IJ
A099 938 878

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand thirteen.

PRESENT:
>  JON O. NEWMAN,
>  PIERRE N. LEVAL,
>  JOSÉ A. CABRANES,
>      *Circuit Judges.*

_____

YAN FANG CHEN,
>      *Petitioner,*

>         v.                                    12-1089
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New
                         Jersey.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Terri J. Scadron,
                         Assistant Director; Genevieve Holm,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Fang Chen, a native and citizen of the People's Republic of China, seeks review of a February 24, 2012, order of the BIA, affirming the October 5, 2009, decision of Immigration Judge ("IJ") William P. Van Wyke, which denied her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yan Fang Chen*, No. A099 938 878 (B.I.A. Feb. 24, 2012), *aff'g* No. A099 938 516 (Immig. Ct. New York City Oct. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen argues that the agency erred in finding that she did not establish past persecution on account of her opposition to China's coercive population control policies. However, Chen has not adequately countered the agency's dispositive determination that she did not provide reasonably available corroborating evidence, as her husband, who lived in New York without status, and was in the best position to corroborate her testimony about his forced sterilization, did not testify on her behalf.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011) (affirming IJ's determination that an asylum applicant whose husband was in the United States, lacked immigration status, and declined to testify on her behalf had not provided reasonably available corroborating evidence of her claim).

Chen also argues that the agency erred in finding that she did not have a well-founded fear of future persecution based on her current practice of Falun Gong.  The agency did not clearly err in finding that Chen failed to adequately corroborate her Falun Gong practice, given that her sole witness was an individual who did not practice Falun Gong himself and only believed that her exercises were Falun Gong

3

movements because Chen told him they were. *See* 8 U.S.C. § 1158(b)(1)(B)(iii), *Yan Juan Chen*, 658 F.3d at 252–53. Additionally, the agency did not err in finding that Chen did not establish that the Chinese government was aware or would likely become aware of her practice of Falun Gong, given that she mainly practiced at home by herself and did not engage in proselytizing or otherwise view her practice as a religious or political activity, which might bring her to the attention of the government. *See Hongsheng Leng v. Mukasey*, 528 F.3d 136, 142–43 (2d Cir. 2008); *Shi Jie Ge v. Holder*, 588 F.3d 90, 96 (2d Cir. 2009). Therefore, substantial evidence supports the agency's determination that Chen did not establish eligibility for asylum or withholding of removal on the basis of her practice of Falun Gong. Chen does not argue that she merits protection under the CAT.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk