Liu v. Holder

BIA
Weisel, IJ
A089 253 917

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
            RICHARD C. WESLEY,
            DENNY CHIN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
_____

JING XI LIU, AKA WANSONG JIN,
            *Petitioner,*

            v.                          12-646
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:        Matthew J. Harris, Long Island City, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jing Xi Liu, a native and citizen of the People's Republic of China, seeks review of a January 27, 2012, decision of the BIA affirming the October 8, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Xi Liu*, No. A089 253 917 (B.I.A. Jan. 27, 2012), *aff'g* No. A089 253 917 (Immig. Ct. N.Y. City Oct. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Liu does not challenge the agency's denial of CAT relief, we have reviewed only the denial of asylum and withholding of removal.

Liu argues that the agency erred by finding that he failed to demonstrate a well-founded fear of future persecution based on his aid of undocumented Korean immigrants in China.  Although "credible testimony alone may be enough to carry the alien's burden of proof," an IJ may "require that credible testimony of the alien be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing."  *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009) (internal quotation marks and alteration omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

Here, the IJ did not err in finding that Liu failed to provide reasonably available corroborating evidence from his cousin.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii).  The IJ reasonably expected a letter from Liu's cousin because, according to Liu's testimony, she was the only individual with personal knowledge regarding continued efforts by the Chinese police to arrest him.  Although Liu testified that his cousin mailed two letters but that he received neither, the IJ reasonably found that a letter was reasonably available because Liu could have requested that his cousin send the letter via facsimile or email or attempted to obtain the letter more than twice in the two years since he

3

filed his application. *See* 8 U.S.C. § 1252(b)(4). Further-more, the IJ reasonably afforded minimal weight to the medical record Liu submitted, because it did not provide a medical history or otherwise link the injuries found with the harm to which Liu testified. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Accordingly, the IJ did not err in finding that Liu had failed to establish his eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-97. Because this finding is dispositive of Liu's asylum application, we do not reach Liu's arguments regarding the denial of asylum as a matter of discretion. Moreover, because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *Yan Juan Chen v. Holder,* 658 F.3d 246, 254 (2d Cir. 2011).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

4

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk