Dai v. Holder

BIA
Cheng, IJ
A087 638 610

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT:
>PIERRE N. LEVAL,
>JOSÉ A. CABRANES,
>CHRISTOPHER F. DRONEY,
>    *Circuit Judges.*

_____

SONG XIAN DAI,
>    *Petitioner,*

>    v.                                          13-173
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Jeffrey Lubin, Flushing, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Song Xian Dai, a native and citizen of China, seeks review of a December 21, 2012, order of the BIA, affirming without opinion the September 27, 2010, decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Song Xian Dai*, No. A087 638 610 (B.I.A. Dec. 21, 2012), *aff'g* No. A087 638 610 (Immig. Ct. New York City Sept. 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, the Court should review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all

2

administrative remedies available to the alien as of right." On appeal to the BIA, the alien must raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). In this case, Dai, *pro se*, filed a Notice of Appeal to the BIA stating, "The IJ failed to address whether the activities would render a risk that my life or freedom would be threatened if returned to China." Because we construe *pro se* submissions generously, we find Dai sufficiently challenged the denial of withholding of removal and CAT relief to invoke our jurisdiction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006); *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 171 (2d Cir. 2004) ("at least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court.").

Withholding of removal under 8 U.S.C. § 1231(b)(3) is a mandatory form of relief that requires the applicant to show

3

that it is more likely than not that his "life or freedom would be threatened in [that] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because Dai filed his application in 2009, it is subject to the provisions of the REAL ID Act, which states, among other things, that, "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

Here, Dai offered no evidence that the authorities were actually aware of his participation in Falun Gong, nor any evidence that they were likely to discover it. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Furthermore, the IJ reasonably found that Dai had failed to corroborate his claim; he did not make his wife

4

available to testify, nor did he offer an affidavit from her, even though she also claims to practice Falun Gong and was applying for immigration benefits on that basis as well. Dai's explanation that she was at home taking care of his niece's children did not explain why she had not submitted even a statement on his behalf. *Chuilu Liu*, 575 F.3d at 198. Dai also did not make his Falun Gong teacher available, and indeed, had not even asked her to testify or submit a statement. Dai's wife and Falun Gong teacher were reasonably available and their absence was notable. *See Yan Juan Chen*, 658 F.3d at 252 (permitting the IJ to require "reasonably available corroborating evidence" to support the application).

While Dai offered his niece to testify that he practiced Falun Gong, she was unable to confidently identify Dai's activities as Falun Gong. The IJ reasonably gave her testimony diminished weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to an applicant's evidence in immigration proceedings "lies largely within the discretion" of the agency. Thus, the agency reasonably concluded that Dai failed to meet his burden of proof to demonstrate that it was more likely than not that he would be persecuted on

account of his Falun Gong activities.  8 U.S.C. § 1231(b)(3); *Chuilu Liu*, 575 F.3d at 198.  As his CAT claim was based on the same factual predicate, its denial was also reasonable.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160-61 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk