13-1542
Weng v. Lynch

BIA
Balasquide, IJ
A095 800 492

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

HE WENG,
> *Petitioner,*

v.            13-1542
               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      G. Victoria Calle, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Anh-thu Mai-windle, Senior Litigation Counsel; Jeffrey Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

He Weng, a native and citizen of China, seeks review of a March 29, 2013, decision of the BIA affirming the August 15, 2011, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re He Song*, No. A095 800 492 (B.I.A. Mar. 29, 2013), *aff'g* No. A095 800 492 (Immig. Ct. N.Y. City Aug. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Weng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," and the plausibility and consistency of his account, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C.§§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the totality of the circumstances supports the agency's adverse credibility determination. The agency reasonably found that Weng's testimony regarding when he began attending an underground church was inconsistent with the letter he provided from the government church. Weng had "no idea" why the letter contradicted his testimony. The date that Weng began attending the underground church went to the heart of his claim; thus the agency's reliance on this inconsistency was reasonable. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility finding also rested on letters from his mother and a friend in the underground church, which strongly suggested that he had been baptized there

3

rather than in a government church, as he testified. Again, Weng provided no explanation for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Furthermore, the agency reasonably relied upon Weng's failure to provide any particulars about his three month detention in China. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

Because Weng's own testimony was inconsistent and lacked detail, the agency reasonably required corroboration. *See Biao Yang v. Gonzales v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Substantial evidence supports the finding that Weng failed to corroborate his claim. Weng testified that he had been attending church for nearly two years in the United States; yet he stated that he had no friends in the church who would testify on his behalf, that the pastor refused to make himself available even telephonically, and that his family was similarly unable to appear on his behalf. The totality of the circumstances supports the agency's adverse credibility finding. *See Xiu Xia Lin*, 534 F.3d at 167.

Because the only evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse

4

credibility determination also defeats his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk