Lin v. Sessions

BIA
Christensen, IJ
A205 628 411

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand seventeen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

CHANGWEN LIN,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

16-766
NAC

FOR PETITIONER:  Aminat Sabak, New York, NY.

FOR RESPONDENT:  Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Changwen Lin, a native and citizen of the People's Republic of China, seeks review of a February 17, 2016, decision of the BIA affirming a July 8, 2015 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Changwen Lin,* No. A205 628 411 (B.I.A. Feb. 17, 2016), *aff'g* No. A205 628 411 (Immig. Ct. N.Y.C. July 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent

2

plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Lin was not credible as to his claim that Chinese officials detained and beat him after a raid on his unregistered church in China, and that he fears persecution on account of his continued religious practice.

The agency reasonably relied on numerous inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66 & n.3. A letter from Lin's church in China omitted any mention that police had arrested Lin and more than twenty other church members, and the letterhead and official stamp on that letter bore the name, Jesus True Church, which contradicted Lin's testimony that the church was called Real Jesus Christ Church but did not have an official name. Furthermore, Lin's testimony was internally inconsistent regarding how often police have looked for him at his mother's

3

house in China, and his mother's letter failed to mention that police had visited her between thirty and forty times (as would have been the case according to Lin's testimony).  Lin did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

The agency also reasonably found Lin's testimony vague and implausible, and his evidence inconsistent regarding his brother's alleged religious persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Lin testified that he and his twin brother live together and attend the same church in the United States and that his brother has applied for asylum based on religious persecution.  Yet, Lin did not know where his brother works, he did not know what happened to his brother in China, and he claimed, after vague and evasive answers, that he and his brother had never even discussed what had happened in China or why his brother had come to the United States.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (recognizing

4

that adverse credibility determination may be based on inherent implausibility in applicant's story); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Additionally, Lin's application failed to mention that his brother had suffered similar persecution despite a direct question asking him to discuss any harm suffered by family members. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66 & n.3. Similarly, Lin's mother and grandmother also failed to mention his brother's persecution in their letters. *See Xiu Xia Lin*, 534 F.3d at 165-66 & n.3.

Having questioned Lin's credibility, the agency reasonably relied further on his failure to provide sufficient corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably concluded that the letters from Lin's relatives, friends, and church in China were entitled to little weight because the authors were not available for cross-examination and, as discussed above, they omitted significant aspects of his claim. *See Xiu Xia Lin*, 534 F.3d

5

at 165-66 & n.3; *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Moreover, the IJ was not compelled to credit Lin's explanation that his twin brother could not testify because he also has an asylum application pending in removal proceedings. *Cf. Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (holding that a reasonable fact finder is not compelled to conclude that a spouse is unavailable to testify based on fear of arrest due to unlawful status).

Given Lin's inconsistent statements and evidence, implausible and evasive testimony, and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Lin's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk