Xue v. Whitaker

BIA
Vomacka, IJ
A087 604 890

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

DONGSHENG XUE,
> *Petitioner,*

v.                                                                 17-1034
                                                                   NAC

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dongsheng Xue, pro se, Las Vegas, NV.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Brendan Moore, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dongsheng Xue, a native and citizen of the People's Republic of China, seeks review of a March 14, 2017, decision of the BIA affirming a July 20, 2016, decision of an Immigration Judge ("IJ") denying Xue's application for asylum and withholding of removal. *In re Dongsheng Xue,* No. A 087 604 890 (B.I.A. Mar. 14, 2017), *aff'g* No. A 087 604 890 (Immig. Ct. N.Y. City July 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 562–63 (2d Cir. 2006).

In the absence of past persecution, Xue had the burden of proving a well-founded fear of persecution on account of

2

his practice of Falun Gong or his violation of the family planning policy. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). To do this, he was required to show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The objective component can be satisfied either by establishing "a reasonable possibility that he . . . would be singled out individually for persecution" or "a pattern or practice . . . of persecution of a group of persons similarly situated to [him]." 8 C.F.R. § 1208.13(b)(2)(iii); *see also* *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013). We find no error in the agency's conclusion that Xue failed to establish an objectively reasonable fear of persecution.

**I.  Sterilization**

Xue alleged that Chinese family planning officials sought to sterilize him after he and his wife had a second child in 2007, but he was able to delay the operation until he escaped China in 2009. The agency reasonably concluded that Xue's fear of sterilization was speculative because China had since changed its population control policy to allow families to have two children, Xue was not sterilized between 2007 and his 2009 departure from China, and Xue did

3

not present any evidence that the authorities still sought to sterilize him or his wife.  Given the lack of evidence that Xue will be targeted for sterilization or that others in his position have been sterilized, his fear of sterilization is speculative.  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best").  The BIA did not err in declining to consider Xue's claim that he will be sterilized or otherwise punished for leaving China without permission because he did not raise it before the IJ.  "[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ," and in that situation, our "review is limited to whether the BIA erred in deeming the argument waived."  *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015).  The BIA did not err because Xue did not provide any evidentiary support for this claim despite having an opportunity to do so on remand.  Although the July 2015 letter from Xue's wife states that Chinese officials know Xue escaped to the United States, she alleged only that he would be arrested for practicing Falun Gong, not that he would be punished

4

for leaving China.

## II. Falun Gong

An IJ may require an asylum applicant to provide evidence that corroborates otherwise credible testimony in order to meet the applicant's burden of proof for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n. 5 (2d Cir. 2009). When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). We may reverse the agency's corroboration decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Given the amount of time that passed between the 2008 events and the 2015 remand, Xue's continuing fear of arrest and mistreatment turned on whether he continued to practice Falun Gong. Accordingly, it was reasonable for the IJ to require that Xue corroborate his practice of Falun Gong in the United States, either in the form of witness testimony or

5

sworn affidavits. 8 U.S.C. § 1158(b)(1)(B)(ii). Although Xue argues that it was difficult to obtain evidence from China, he does not explain his inability to obtain statements or testimony from witnesses who practiced Falun Gong with him in the United States. *See Chuilu Liu*, 575 F.3d at 198-99 (placing burden on applicant to explain why the requested evidence was not reasonably available).

The agency did not abuse its discretion in declining to credit the evidence Xue did produce. We generally defer to the agency's weighing of the documentary evidence. *Y.C.*, 741 F.3d at 334. Aside from the late-filed evidence that was excluded,[1] Xue submitted two 2012 letters from friends in the United States, a 2015 letter from his wife in China, a 2015 article about a Falun Gong-related demonstration, and some photographs of himself in Falun Gong positions. The IJ was not required to credit the letter from Xue's wife because it was authored by an interested witness who was not available

_____

[1] The IJ did not abuse his discretion in excluding the late-filed March 2016 photographs and letters because Xue's explanation that one individual was traveling did not explain why he waited another six months to obtain a letter or file the other letter and photographs, particularly given the IJ's explicit warning that late-filed evidence would be excluded. 8 C.F.R. § 1003.31(c) (IJ has authority to set filing deadlines and exclude late evidence); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008) (reviewing exclusion of evidence for abuse of discretion).

6

for cross examination.  *See Y.C.*, 741 F.3d at 334 (upholding agency's decision giving little weight to letter from spouse in China).  One 2012 letter did not mention Xue's practice of Falun Gong; although the other stated that the author had seen Xue practice Falun Gong, it provided no details or foundation for that statement; and the photographs lacked any foundation.  *Id.* at 332 ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").  And the article about an October 2015 Falun Gong demonstration in Los Angeles did not link Xue to the demonstration.  *Id.*

Xue's brief highlights recent country conditions reports that discuss the arrests and mistreatment of Falun Gong practitioners in China.  But this focus misses the mark: the agency did not make any findings regarding the current conditions for Falun Gong practitioners because it held that Xue failed to corroborate his continued practice of Falun Gong.

In sum, we find no error in the agency's conclusion that Xue's fear of sterilization was speculative based on the current country conditions and his personal circumstances, and he did not adequately corroborate his continuing practice

7

of Falun Gong.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Xing Huang*, 421 F.3d at 129.  This conclusion is dispositive of asylum and withholding of removal.  *Ramsameachire*, 357 F.3d at 183.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court