25-1403-ag
Ventura Palma v. Blanche

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

------------------------------------------------------------------

JORGE LUIS VENTURA-PALMA,

     *Petitioner*,

    v.                                                  No. 25-1403-ag

TODD BLANCHE, ACTING
UNITED STATES ATTORNEY
GENERAL,

     *Respondent*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONER: Mark Barr, Lichter Immigration, Denver, CO

FOR RESPONDENT: Brett A. Shumate, Assistant Attorney General, Civil Division, Anthony C. Payne, Assistant Director, Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jorge Luis Ventura-Palma, a native and citizen of Mexico, petitions for review of the May 1, 2025 decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his application for cancellation of removal.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition for review.

Ventura-Palma challenges the BIA's determination that he is ineligible for cancellation of removal because he failed to show exceptional and extremely unusual hardship to his two youngest children, who are United States citizens.

---

[1] Although counsel filed Ventura-Palma's appellate brief, Ventura-Palma is currently proceeding *pro se*.

*See* 8 U.S.C. § 1229b(b)(1)(D). "Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, we review the decision of the IJ as supplemented by the BIA." *Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011). Given the totality of the circumstances, we are not persuaded that the IJ's hardship determination is "clearly erroneous." *Toalombo Yanez v. Bondi*, 140 F.4th 35, 45 (2d Cir. 2025).

Ventura-Palma responds that he demonstrated that his children would suffer economic and emotional hardship if he were removed to Mexico and that the IJ failed to consider the impact of separating his daughter from her school and friends. But we see no indication in the record that the IJ failed to consider Ventura-Palma's testimony about his daughter and her school. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). To the contrary, the IJ noted that Ventura-Palma's daughter's "ability to speak Spanish would ease her transition to the Mexican schooling system." Cert. Admin. R. 82.

Ventura-Palma also argues that the IJ did not properly consider the country conditions evidence he submitted, which documented diminished educational opportunities and pervasive violence in Mexico. But the IJ considered the country conditions evidence Ventura-Palma submitted; noted

3

that Ventura-Palma's two children in Mexico completed high school and that one intends to attend college; and explained that diminished educational opportunities generally do not satisfy the high burden of showing exceptional and extremely unusual hardship. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 & n.1 (B.I.A. 2002). The IJ also observed that Ventura-Palma had not received specific threats to his children's safety and that his family in Mexico had generally not been the victims of violence. To the extent that Ventura-Palma challenges the IJ's weighing of the evidence, we lack jurisdiction to review that challenge. *See Penaranda Arevalo v. Bondi*, 130 F.4th 325, 340 (2d Cir. 2025).

We have considered Ventura-Palma's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court