*Dorje v. Holder*

BIA
Nelson, IJ
A088 551 844

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.

PRESENT:
>
> DENNIS JACOBS,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

TSERING DORJE, AKA TSERING DORJEE,
AKA LOBSANG TASHI,
>
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>
> *Respondent.*

13-3991
NAC

_____

FOR PETITIONER: Gary J. Yerman, New York, New York.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; David H. Wetmore, Trial Attorney, Office of

Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tsering Dorje, a native of Tibet and citizen of China, seeks review of a September 20, 2013, decision of the BIA affirming a January 10, 2012, decision of an Immigration Judge ("IJ") denying Dorje's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tsering Dorje,* No. A088 551 844 (B.I.A. Sept. 20, 2013), *aff'g* No. A088 551 844 (Immig. Ct. N.Y. City Jan. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Dorje claims past persecution for the first time before this Court. His claim fails for two reasons. It is unexhausted and therefore not subject to review. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 119-20 (2d Cir. 2007). And, even if exhausted, Dorje admitted that he was not home when Chinese authorities allegedly discovered materials relating to the Dalai Lama, and he suffered no harm other than fearing arrest. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 406-07 (2d Cir. 2014) (holding that "threats of persecution, no matter how credible, do not demonstrate past persecution," even where a threat causes the alien to flee his home).

Dorje's claim that he faces future persecution, based on Chinese officials' discovery of his pro-Tibetan materials and his political activity in the United States, also fails. To prevail, Dorje was required to show a reasonable possibility that authorities in China are either aware of his activities or are likely to become aware of them. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Here, the IJ properly found that Dorje failed to meet his burden of proof because he did not corroborate the most basic elements of his claim: that he distributed materials relating

to the Dalai Lama, that Chinese officials discovered those materials, and that he is involved in pro-Tibetan activities in the United States.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011).  Dorje submitted no evidence, other than his testimony, that he possessed the tapes or photographs or that Chinese officials came to his home in 2004.  The IJ pointed out that Dorje could have submitted statements from his uncle, who allegedly provided him the Dalai Lama materials, and his wife, who (unlike Dorje) was present during the officials' alleged visit.  *See id.* at 252-53 (explaining that IJ should identify missing corroborating evidence); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (explaining that IJ need not identify missing evidence at hearing, but rather may do so in decision).  The IJ was not required to credit Dorje's explanations—his uncle's death and wife's illiteracy—because Dorje's uncle died almost two years after Dorje applied for asylum and his wife could have

4

signed a statement that someone transcribed for her. *Yan Juan Chen*, 658 F.3d at 252 (holding that Court defers to IJ's finding as to availability of evidence unless reasonable trier of fact is compelled to conclude it is unavailable).

Dorje argues that the BIA unreasonably expected him to produce evidence issued by his persecutor, "such as a police report, public security notice, or statements of others." The BIA's suggestion that Dorje could have submitted such evidence is problematic. *In re S-M-J-*, 21 I. & N. Dec. 722, 725 (B.I.A. 1997) (explaining that agency may not unreasonably demand the applicant to "present evidence to corroborate particular experiences (e.g., corroboration from the persecutor)"). The BIA's suggestion, however, was in addition to its observation that Dorje failed to submit reasonably available evidence or any corroboration at all. Accordingly, the BIA's mention of police reports, though problematic, does not warrant a remand because the fact remains that Dorje did not provide reasonably available corroborating evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (holding that remand not required if it would be futile because "we can state with

5

confidence that the same decision would be made if we were to remand").

Similarly, Dorje failed to corroborate the fact of his political activities in the United States. He submitted only a membership card. The IJ reasonably afforded this card limited weight because it only showed that Dorje joined an organization but revealed nothing regarding his purported participation in rallies in the United States. *Id.* at 342 (holding that weight given corroborating evidence lies largely with discretion of agency). Dorje had no explanation for his failure to submit photographs of himself at the rallies, which he testified to having. By his own admission, he failed to present reasonably available evidence, and the IJ properly found that Dorje failed to meet his burden of proof. *Chuilu Liu*, 575 F.3d at 199.

Based on the lack of evidence of Dorje's political activism, the IJ reasonably concluded that Dorje failed to show that the Chinese government is aware or likely to become aware of his pro-Tibetan activities. *Hongsheng Leng*, 528 F.3d at 143. Dorje argues that the background evidence shows the "repression and persecution levied upon ethnic Tibetan cultural

activists in China" and that he "provided the Court with valid documentation of his membership in that group." To the extent that he raises a pattern or practice claim, it is unpersuasive. The agency's determination that Dorje failed to show that the Chinese government was aware or likely to become aware of his political activities defeats his eligibility for relief. *Cf. Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 570 (2d Cir. 2006) (remanding where agency failed to determine whether foreign government exhibited a pattern or practice *and* whether government officials were likely to become aware of the petitioner's activities). Given that Dorje did not demonstrate his political activism, he has failed to show that he is "similarly situated to" Tibetan cultural activists as would be required for such a claim. 8 C.F.R. § 1208.13(b)(2)(iii).

Finally, because Dorje has not met his burden to prove his eligibility for asylum, he "necessarily fails" to meet his burden for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

7

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk