Doumbia v. Lynch

BIA
Nelson, IJ
A200 738 534

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:
        REENA RAGGI,
        DEBRA ANN LIVINGSTON,
        DENNY CHIN,
            *Circuit Judges.*

———————————————————————————————————

YOUSSOUF DOUMBIA,
        *Petitioner,*

        v.                                    14-3656
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

———————————————————————————————————

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Keith I.
                       McManus, Senior Litigation Counsel;
                       Jessica E. Burns, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Youssouf Doumbia, a native and citizen of the Ivory Coast, seeks review of a September 8, 2014, decision of the BIA affirming an April 10, 2013, decision of an Immigration Judge ("IJ") denying Doumbia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Youssouf Doumbia,* No. A200 738 534 (B.I.A. Sept. 8, 2014), *aff'g* No. A200 738 534 (Immig. Ct. N.Y. City Apr. 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where the BIA has adopted and supplemented the IJ's decision, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009).

The agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011). However, before denying a claim solely based on an applicant's failure to provide corroboration, the IJ must identify the missing evidence, explain why it was reasonably available, provide an opportunity for the applicant to explain the omission, and assess any explanation given. *See id.* at 253; *Liu*, 575 F.3d at 197-98.

In this case, it was reasonable for the IJ to require corroboration because Doumbia's testimony was evasive and inconsistent at times and thus not sufficiently persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Liu*, 575 F.3d at 196-97. Moreover, the IJ properly identified the missing evidence, noting that neither Doumbia's wife nor mother had submitted letters to corroborate his assertions of past harm and fear of individualized harm in the future despite their firsthand knowledge of the relevant events. This evidence was reasonably available: Doumbia testified that he had received

3

letters from his wife and mother while in the United States. Doumbia was provided an opportunity to explain why this evidence was missing, but he did not provide a compelling explanation. *See id.* at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").[*]

Accordingly, we find no error in the agency's conclusion that Doumbia did not adequately corroborate his claims of past persecution and fear of future persecution. *See* 8 U.S.C. § 1252(b)(4). That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

---

[*] Doumbia does not challenge the BIA's decision insofar as it declined to remand for consideration of his mother's letter submitted for the first time on appeal. *See Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Regardless, the BIA did not err in declining to consider the letter in the first instance. *See In re Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984); *see also Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5