17-1143
Xing v. Whitaker

BIA
Hom, IJ
A205 083 157

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand nineteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

LI LONG XING,
> *Petitioner,*

v.                                        17-1143

                                          NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**           Jan Potemkin, New York, NY.

**FOR RESPONDENT:**           Chad A. Readler, Principal Deputy Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Li Long Xing, a native and citizen of the People's Republic of China, seeks review of an April 5, 2017, decision of the BIA affirming an October 27, 2015, decision of an Immigration Judge ("IJ") denying Xing's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Long Xing,* No. A 205 083 157 (B.I.A. Apr. 5, 2017), *aff'g* No. A 205 083 157 (Immig. Ct. N.Y. City Oct. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *see also* 8 U.S.C. § 1252(a)(4)(B) ("[T]he administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Xing had the burden of establishing a well-founded fear of persecution on account of his practice of Christianity. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i).  To do this, he was required to show that he subjectively fears persecution and that his fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  The objective component can be satisfied either by establishing "a reasonable possibility that he . . . would be singled out individually for persecution" or "that there is a pattern or practice . . . of persecution of a group of persons similarly situated to the applicant on account of . . . religion."  8 C.F.R. § 1208.13(b)(2)(iii); *see Y.C.*, 741 F.3d at 332.

The agency concluded that Xing did not meet this burden because (1) he did not adequately corroborate his testimony regarding Chinese authorities' efforts to arrest him for attending an underground church, (2) he did not show that Chinese authorities sought to arrest him based on his church attendance in the United States, and (3) the country conditions evidence did not establish a pattern or practice

3

of persecution of similarly situated Christians. As discussed below, remand is warranted because the agency neither made an explicit adverse credibility ruling nor identified what additional corroboration was needed, the IJ made clear factual errors and required corroboration of facts not related to Xing's claim, and the BIA failed to acknowledge the IJ's errors.

Under the REAL ID Act, the agency may rely on any inconsistencies between an asylum applicant's testimony and other record evidence, including border interviews, to conclude that the applicant is not a credible witness. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Hong Fei Gao v. Sessions*, 891 F.3d at 67, 77 (2d Cir. 2018). In the credibility context, the absence of reliable corroborating evidence may further undermines an alien's testimony that has already been called into question. *Hong Fei Gao,* 891 F.3d at 78; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)(per curiam). The agency may also deny relief on corroboration grounds even where an alien is credible, but in doing so, "[a]n IJ should 'point to specific pieces of missing, relevant documentation' and 'show that this documentation

4

was reasonably available.'" *Chuilu Liu v. Holder*, 575 F.3d 193, 198 & n. 5 (2d Cir. 2009) (alterations omitted)(quoting *Jin Shui Qui v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003)); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii); *Alvarado-Carillo v. INS*, 251 F.3d 44, 54 (2d Cir. 2001) ("As for more specific corroboration of petitioner's personal experiences, the BIA here did not identify any particular document or type of document it believed to be missing from the record . . . , much less explain why it would have been 'reasonable to expect the provision of such materials under its own standards.'" (quoting *Diallo v. INS*, 232 F.3d 279, 289 (2d Cir. 2000))).

In this case, although the IJ made a partial adverse credibility determination, the determination was limited to Xing's testimony that he disclosed a fear of religious persecution to the Border Patrol agent who apprehended him. Generally, in the absence of an explicit adverse credibility determination, an alien is entitled to a presumption of credibility on appeal. 8 U.S.C. § 1158(b)(1)(B)(iii); *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). And here, the BIA explicitly assumed Xing's credibility.

Accordingly, because the BIA assumed credibility, to rely on Xing's failure to corroborate, the agency had to identify what the evidence Xing should have presented to corroborate his testimony that Chinese officials sought to arrest him for attending an underground church. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Although the agency declined to credit the corroborating evidence that Xing submitted (letters from his mother, cousin, and aunt in China), it failed to identify any additional evidence that would have been reasonably available and should have been provided. This failure to identify the missing evidence frustrates judicial review: When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* Where the IJ has identified the missing evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011)(per curiam). If the IJ does not identify what evidence should have been presented, neither the BIA nor this

6

Court can review whether the evidence was reasonably available.

In addition to identifying what corroboration could or should have been provided, on remand, the agency should clarify the import of the I-213 given the BIA's assumption of credibility. As noted above, Xing's failure to disclose his fear of religious persecution in the border interview could call into question the credibility of his claim that he left China because he feared religious persecution. *See Ramsameachire*, 357 F.3d at 181-82. However, this discrepancy seemingly goes to credibility more than corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (allowing IJ to require "evidence that corroborates otherwise credible testimony"); *id.* § 1158(b)(1)(B) (iii) (listing inconsistencies between an applicant's statements as a ground for a credibility determination).

Finally, as Xing argues and as the Government concedes, the IJ identified missing corroboration for facts that were not related to Xing's case. Specifically, the IJ noted the absence of proof of employment, an arrest and detention, and alleged persecution of an applicant's wife. But Xing's

7

employment was never at issue, he did not allege that he was arrested or detained, and he is unmarried. Although the BIA's decision appears to rely on the correct facts, the BIA failed to either acknowledge the errors or explain why they did not require remand. *See Acharya v. Holder*, 761 F.3d 289, 301 (2d Cir. 2014) ("When the [BIA] upholds questionable fact-findings, and does so using a different standard, the result may amount to impermissible fact finding by the BIA.").

Given the lack of clarity in the agency's reliance on credibility, the agency's failure to identify what corroborating evidence should have been presented, and the factual errors in the IJ's decision, we remand for further proceedings consistent with this order. Because remand is warranted on these grounds, we do not reach the agency's conclusion that Xing did not demonstrate a pattern or practice of persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court