Zhao v. Garland

BIA
Kolbe, IJ
A209 163 282

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-three.

PRESENT:
　　　MICHAEL H. PARK,
　　　BETH ROBINSON,
　　　SARAH A. L. MERRIAM,
　　　　　*Circuit Judges.*

_____

PING ZHAO,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　21-6014
　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　*Respondent.**

_____

FOR PETITIONER:　　　　　Richard Tarzia, Esq., Belle Mead, NJ.

---

*The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ping Zhao, a native and citizen of the People's Republic of China, seeks review of a December 7, 2020 decision of the BIA denying his motion to terminate and affirming a July 26, 2018 decision of an Immigration Judge ("IJ") that denied his application for asylum and withholding of removal. *In re Zhao Ping,* No. A 209 163 282 (B.I.A. Dec. 7, 2020), *aff'g* No. A 209 163 282 (Immigr. Ct. N.Y.C. July 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

I. <u>Motion to Terminate</u>

Zhao's argument that the immigration court lacked jurisdiction because his Notice to Appear ("NTA") omitted the time and date of his hearing is foreclosed by our case law. We have held that the Supreme Court's decisions in *Pereira v.*

*Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), are limited to the stop-time rule relating to cancellation of removal and are "not properly read to void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*."). "[A]n NTA that omits information regarding the time and date of the initial removal hearing is . . . adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez*, 922 F.3d at 112. Here, Zhao later received a hearing notice that provided the missing information, and he appeared at his hearing. Accordingly, the agency did not err in denying his motion to terminate.

II. <u>Asylum and Withholding of Removal</u>

We have reviewed both the BIA's and the IJ's decisions denying asylum and withholding of removal. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

3

§ 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law de novo).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 30–31. Before denying a claim based on an applicant's failure to provide corroborating evidence, an IJ should "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity

4

to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31.

We find no error in the agency's conclusion that Zhao failed to meet his burden of proof. The agency reasonably concluded that Zhao's testimony on its own was insufficient given the lack of detail he provided about events in China and his practice of Christianity in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 28; *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (agreeing that testimony lacked detail where the applicant could not provide details about treatment by alleged persecutors). Zhao did not provide any corroborating evidence, from China or the United States, to confirm his alleged persecution or his practice of Christianity in either country.

The IJ applied the correct framework by identifying the missing evidence—letters from Zhao's wife, mother, anyone in China, or his church in the United States attesting to his Christian practice or the alleged persecution—and asking Zhao why he had not provided that evidence. *Wei Sun*, 883 F.3d at 31. Zhao's explanations that his wife and mother are not

5

well-educated, that church members in China have gone elsewhere to work, and that people at his church in the United States "use[d] the work as excuse to refuse," Certified Admin. R. at 138, do not compel a conclusion that written statements were unavailable particularly given the years that Zhao had to prepare for his hearing. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Wei Sun*, 883 F.3d at 31 (holding that an applicant "bears the ultimate burden of introducing such evidence without prompting from the IJ"). The agency's conclusion that Zhao failed to meet his burden of proof is dispositive of both asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6