Jin-Lian v. Garland

BIA
Conroy, IJ
A206 636 124

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

LIU JIN-LIAN,
> *Petitioner,*

v.                                                          **21-6291**
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liu Jin-Lian, a native and citizen of the People's Republic of China, seeks review of an April 30, 2021, decision of the BIA affirming an October 9, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liu Jin-Lian*, No. A 206 636 124 (B.I.A. Apr. 30, 2021), *aff'g* No. A 206 636 124 (Immig. Ct. N.Y. City Oct. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's fact-finding as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Liu alleged that she was arrested and detained in China for attending an underground Christian church. Substantial evidence supports the agency's adverse credibility determination.

We defer to the IJ's demeanor finding, particularly where, as here, it is linked to inconsistent testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . confident in our review

3

of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Liu was unresponsive and evasive during much of her testimony, including when asked if she had applied for a U.S. visa in 2008, years before her alleged persecution. Although she argues that the questions were confusing, she did not express such confusion before the IJ or on appeal to the BIA, and the record reflects straightforward questions about the visa application. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122–23 (2d Cir. 2007) (explaining that "usually . . . issues not raised to the BIA will not be examined by the reviewing court"); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting that an IJ "is in the best position to discern, often at a glance, whether a question that may appear poorly worded on a printed page was, in fact, confusing or well understood by those who heard it").

The adverse credibility determination was further bolstered by inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liu first testified that she never applied for a visa, but changed her testimony when confronted with the application. Nor does she contest that her 2008 visa application stated that her husband was in China, which was inconsistent with her testimony that he has been in the United States since 2005. Liu's argument that she forgot that she applied

4

for a visa is not compelling. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The agency also reasonably concluded that the lack of reliable corroboration further undermined Liu's credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in relying on the lack of an affidavit or testimony from Liu's husband because he was in the United States and would directly benefit from a grant of asylum. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). And the IJ did not err in giving limited weight to a letter from Liu's mother who was an interested party who was not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (upholding an IJ's decision to afford limited weight to letter from spouse and friend in China); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

In sum, the demeanor finding, the inconsistencies, and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
