Ruqi v. Garland

BIA
Factor, IJ
A208 005 019

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

BAJRAM RUQI,
> *Petitioner,*

> v.                                     **22-6189**
>                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bajram Ruqi, a native of the former Yugoslavia and citizen of Kosovo, seeks review of a March 29, 2022 , decision of the BIA affirming an April 29, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1]  *In re Bajram Ruqi*, No. A 208 005 019 (B.I.A. Mar. 29, 2022), *aff'g* No. A 208 005 019 (Immig. Ct. N.Y. City Apr. 29, 2019).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's and IJ's opinions.  *See Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and "the administrative findings of fact are conclusive unless any reasonable

---

[1] The BIA found that Ruqi waived his claim for relief under the Convention Against Torture, and Ruqi does not challenge that ruling here.

adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Ruqi alleged that Islamic extremists threatened and assaulted him because of his political beliefs and his work for U.S. troops in Kosovo and Afghanistan. He had the burden to demonstrate past persecution or a fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. §§ 1208.13(b), 1208.16(b). To constitute persecution, the harm suffered must be "by the government of the country to which the alien is returnable, or at the hands of an organization or person from which the government cannot or will not protect the alien." *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (quotation marks omitted). When private actors are alleged to be the source of persecution, the applicant must show that the government is "unable or unwilling to control" the alleged persecutors. *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted). The applicant "must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (quotation marks omitted). An applicant must "show more than government failure to act on a particular report of an individual crime, or difficulty . . . controlling private behavior." *Id.* (quotation marks and brackets omitted).

3

The agency reasonably concluded that Ruqi failed to establish that the authorities in Kosovo would fail to protect him, and that failure is dispositive of asylum and withholding of removal. Ruqi testified that he is Muslim, but that Islamic extremists accused him of betraying the Muslim faith, assaulted him, and threatened to kill him and burn down his restaurant. Although he once told a police officer patronizing his restaurant about the threats, he did not make any official report or inform any authorities about the three assaults in 2012 and 2013. He asserted that he was targeted, in part, because of his support for the Christian Democratic Party of Kosovo, but also testified that his party was part of the ruling coalition in Kosovo. Moreover, while he is correct that the country conditions evidence reflects some government corruption, the State Department also reported that numerous police officers were arrested on corruption charges, indicating that the government was attempting to tackle its corruption problem. And news articles reflect that the government was actively battling Islamic extremism by arresting individuals and shutting down extremist organizations.

On this record the agency reasonably concluded that Ruqi did not establish that the authorities in Kosovo were or would be unable or unwilling to protect him. Because he did not officially report the attacks to police, there was no direct evidence that the police would refuse to help him; he had no evidence of similar

attacks on other members of his party or of the police refusing to protect other party members; he testified that the party he supported was part of the coalition governing Kosovo; country conditions evidence reflected that the government is battling corruption as well as violence by Islamic fundamentalists in Kosovo; and Ruqi identified no specific country conditions evidence overlooked by the agency that supports his claim that the government is unwilling or unable to protect him. *See Singh*, 11 F.4th at 115; *Scarlett*, 957 F.3d at 331.

Finally, we reject Ruqi's argument that the IJ imposed an overly stringent standard for evaluating the government's willingness to protect him. The case cited by the IJ, which has since been vacated by the agency, did not impose a new, heightened standard. *See Scarlett*, 957 F.3d at 333 (holding that the "complete helplessness to protect" formulation in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) was "well grounded in circuit precedents").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5