24-356
Patel v. Bondi

BIA
Perl, IJ
A220 339 461/462

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-five.

PRESENT:
    SUSAN L. CARNEY,
    MICHAEL H. PARK,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*
_____

RANJAN PATEL, R. PATEL,*
        *Petitioners,*

        v.                                           **24-356**

                                                     NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

---

* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5). The Clerk of Court is directed to amend the case caption to conform to the above.

**FOR PETITIONERS:** Jatinder S. Grewal, Pannun The Firm, P.C., East Elmhurst, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jeffery R. Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ranjan Patel and her minor child, natives and citizens of India, seek review of a January 29, 2024 decision of the BIA affirming a September 9, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ranjan Patel, et al.*, Nos. A220 339 461/462 (B.I.A. Jan. 29, 2024), *aff'g* Nos. A220 339 461/462 (Immigr. Ct. N.Y.C. Sept. 9, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2

2006).  We review fact-finding, including an adverse credibility determination, under the substantial evidence standard, and we review questions of law and the application of law to fact *de novo*.  *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

An applicant seeking asylum bears the burden of establishing her eligibility for relief. *Pinel-Gomez v. Garland*, 52 F.4th 523, 525 (2d Cir. 2022). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.  In determining whether the applicant has met [her] burden, the trier of fact may weigh the credible testimony along with other evidence of record.  Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii).  On review, we conclude that the record supports the agency's conclusion that Patel failed to

meet her burden of proof in light of credibility issues identified by the agency and the absence of reasonably available corroboration.

Patel alleged that members of the Bharatiya Janata Party ("BJP") assaulted her on two occasions, motivated by her membership in the Indian National Congress Party. The agency reasonably questioned Patel's credibility in giving this account, based on inconsistencies between her testimony and her written statement about the alleged attacks. *See id.* § 1158(b)(1)(B)(iii) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)[.]").

First, in her written statement, she reported that the police refused to help her after a July 2021 attack because a BJP member had filed a robbery report against her. She further said that the police threatened to jail her on that basis. However, she testified twice that the police refused to help her for a different reason: because a robbery complaint had been filed against her husband. Her explanation that both she and her husband were accused of the robbery and that

4

she forgot to mention the accusation against her do not adequately explain the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, Patel was inconsistent about the date of the first attack. According to her written statement, the attack occurred on March 30, 2018. But when Patel testified, she said first that the attack happened in December 2017, then that it happened on March 18, 2018, and later still that it happened on March 30, 2018. Her explanation that "March 18" meant March 2018 is plausible, but it does not compel a conclusion contrary to the agency's because it does not resolve the conflict with her initial testimony that the first attack occurred in December 2017. *See id*.

The absence of corroboration in the record bolsters the agency's adverse credibility determination. "[I]t is well established that [a]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Malets v. Garland*, 66 F.4th 49, 57 (2d Cir.

5

2023) (internal quotation marks omitted). The record contains no evidence confirming the dates of the attacks, what the police told Patel, or that her husband was accused of robbery. The agency did not err in relying on the absence of a statement or testimony from Patel's husband, especially because (1) he was in the United States, (2) he had direct knowledge of material facts as an alleged victim of the first attack, and (3) he had "every incentive to testify on her behalf because, to the extent his testimony supported her application, it would inure to his benefit." *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Combined with the noted inconsistencies, this absence of corroboration amounts to substantial support for the agency's adverse credibility determination. *See Malets*, 66 F.4th at 57; *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of Patel's claims for asylum, withholding of removal, and CAT relief because her applications for each of these forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the

6

CAT, an adverse credibility determination forecloses all three forms of relief.").

Because that determination is dispositive, we do not decide whether the agency's determination that Patel failed to present other reasonably available corroborating evidence is on its own sufficient to deny her applications. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
